FILED

2005 Aug-22  AM 08:39
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JERRY WAYNE GLOVER, | ) | |
| | ) | |
| Defendant/Movant, | ) | |
| | ) | |
| vs. | ) | CV-03-S-8050-S |
| | ) | CR-02-S-0047-S |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

MEMORANDUM OPINION

This action is before the court on defendant's motion for recusal of the undersigned judge.[1]  The pertinent facts were set out in the court's order issued on June 22, 2005,[2] which bear repeating here.

Defendant filed a motion pursuant to Title 28, United States Code, Section 2255, wherein he alleged that his counsel was ineffective (1) in failing to object to the amount of methamphetamine used to establish his offense level, (2) in failing to argue that he should be sentenced for offense conduct involving the illegal possession of precursor chemicals, and (3) in advising defendant that he would receive a maximum sentence of six years.[3]  Magistrate Judge John E. Ott was assigned this matter and conducted an evidentiary hearing.  At the outset of the hearing, the defendant asked

---

[1] Doc. no. 9.

[2] Doc. no. 8.

[3] CR 02-0047, doc. no. 46.

if he needed an attorney.  The Magistrate Judge informed him that the matter was within the discretion of the court and did not appoint counsel.  Following the hearing, the Magistrate Judge recommended that defendant's motion pursuant to Section 2255 be denied.   There being no objections to the Magistrate Judge's report and recommendation, the court denied the motion on April 18, 2005.[4]

On May 11, 2005, defendant filed a "Response to Judge's Report and Recommendation," wherein he complained that the court failed to appoint counsel for him at the evidentiary hearing pursuant to Rule 8 of the Rules Governing § 2255 Proceedings.[5]  In support of his response, defendant cited *Shepherd v. United States*, 253 F.3d 585 (11th Cir. 2001), in which the Eleventh Circuit held that if the court deems it necessary to conduct an evidentiary hearing in a proceeding pursuant to § 2255, Rule 8(c) of the Rules Governing Section 2254 Cases requires the appointment of counsel if the defendant qualifies.

Premised on the foregoing, the court deemed defendant's response as a motion pursuant to Fed. R. Civ. P. 60(b) and vacated the final judgment of April 18, 2005.[6] The court also referred this matter to the Magistrate Judge for another evidentiary hearing and for the appointment of counsel to represent the defendant.[7]

---

[4] CV 03–8050, doc. nos. 5-6.

[5] *Id.*, doc. no. 7.

[6] *Id.*, doc. no. 8.

[7] *Id.*

Defendant filed the present motion on August 2, 2005.  He seeks recusal of both this judge and the Magistrate Judge.[8]  Defendant reasons that the Magistrate Judge committed a "grave error" when he initially declined to appoint counsel.[9]  Defendant further states, while he "is gratefull [sic] to the Court for recognizing the error of Hon. Ott and correcting the error . . . he believes the only way he will receive an impartial [evidentiary] hearing is if both the Magistrate Ott, and Honorable Smith recuse themselves from further proceedings of the instant case above."[10]

"There are two statutes governing recusal of federal district judges." *Phillips v. Joint Legislative Committee*, 637 F.2d 1014, 1019 (5th Cir. 1981)[11] (citing 28 U.S.C. §§ 144, 455).[12]  28 U.S.C. § 144 provides:

---

[8] *Id.*, doc. no. 9.

[9] *Id.*, ¶ 4.

[10] *Id.*, ¶ 8.

[11] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

[12] Defendant asserts that Rule 4 of the Rules Governing Section 2255 Proceedings governs recusal of federal judges (*see* doc. no. 9 at 1).  Defendant's reliance on this provision is misplaced.  Rule 4 states in full as follows:

> **(a) Referral to a Judge**.  The clerk must promptly forward the motion to the judge who conducted the trial and imposed sentence or, if the judge who imposed sentence was not the trial judge, to the judge who conducted the proceedings being challenged.  If the appropriate judge is not available, the clerk must forward the motion to a judge under the court's assignment procedures.

> **(b) Initial Consideration by the Judge.**  The judge who receives the motion must promptly examine it.  If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving

Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

This statute does not assist defendant's motion. No affidavit has been filed by defendant; and, more importantly, there is no evidence that this judge has a "personal bias or prejudice" against him.

The second statute, 28 U.S.C. § 455, "creates two primary bases for recusal." *United States v. Patti*, 337 F.3d 1317, 1321 (11th Cir. 2003) (citing 28 U.S.C. § 455(a)-(b)). First, any judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). "The test for determining whether a judge should disqualify himself under section 455(a) is whether a reasonable person knowing all the facts would conclude that the judge's impartiality might reasonably be questioned." *Byrne v. Nezhat*, 261 F.3d 1075, 1101 (11th Cir. 2001) (citing *Hepperle v. Johnston*, 590 F.2d 609, 614 (5th Cir. 1979)).

party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

4

> Thus, the standard of review for a § 455(a) motion "is whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality," *Parker v. Connors Steel Co.*, 855 F.2d 1510, 1524 (11th Cir.1988), and any doubts must be resolved in favor of recusal, *United States v. Kelly*, 888 F.2d 732, 745 (11th Cir.1989).

*Patti*, 337 F.3d at 1321. Section 455(a) is premised on the notion that "courts must not only be, but must seem to be, free of bias or prejudice." *Smith v. Sentry Insurance*, 752 F. Supp. 1058, 1061 (N.D. Ga. 1990). Here, defendant has not produced any evidence by which a reasonable person could conclude that this judge's impartiality might be questioned. This judge, "having been assigned to a case, should not recuse himself on unsupported, irrational, or highly tenuous speculation." *Id.*

Next, "a judge should recuse himself under § 455(b) when any of the specific circumstances set forth in that subsection exist, which show the fact of partiality." *Patti*, 337 F.3d at 1321. Specifically, the statute states that a judge shall disqualify himself:

> **(1)** Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;
>
> **(2)** Where in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it;
>
> **(3)** Where he has served in governmental employment and in such

capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy;

    **(4)** He knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding;

    **(5)** He or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:

        **(i)** Is a party to the proceeding, or an officer, director, or trustee of a party;

        **(ii)** Is acting as a lawyer in the proceeding;

        **(iii)** Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;

        **(i)** Is to th judge's knowledge likely to be a material witness in the proceeding.

28 U.S.C. § 455(b).  None of these circumstances apply here.

Defendant motion for recusal of the undersigned judge is due to be denied.  An appropriate order will be entered.

DONE this 19th day of August, 2005.

_____
United States District Judge